P]IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN F. PEABODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-C-5026 |
| v. | ) | |
| | ) | |
| ANDREW A. DAVIS, ROBYN E. KOLE, | ) | HONORABLE DAVID H. COAR |
| ROCK ISLAND SECURITIES, INC., THE | ) | |
| ROCK ISLAND COMPANY OF | ) | |
| CHICAGO, and THE ROCK ISLAND | ) | |
| SECURITIES, INC. SALARY SAVINGS | ) | |
| PLAN, LIBERTY MUTUAL SURETY, and | ) | |
| THE HANOVER INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonathan F. Peabody ("Peabody") brought an action against Defendants Andrew A. Davis ("Davis"), Robyn E. Kole ("Kole"), Rock Island Securities, Inc. ("RIS"), The Rock Island Company of Chicago ("RIC"), and the Rock Island Securities, Inc. Salary Savings Plan ("the Plan"), according to rights and duties created by Employee Retirement Income Security Act ("ERISA") and common law. Peabody also named Defendants Hanover Insurance Company and Liberty Mutual Surety as defendants (collectively the "Insurers") in claims regarding two fidelity bonds issued to the Plan. The instant matter proceeded to bench trial on July 23, 24, and 25, 2007.

-1-

After carefully reviewing the evidence in this case, this Court entered judgment on Counts III, IV, VI, VII, VIII, XI, XII, XIV, XV, XVI, XVII, XVIII, and XIX in favor of Plaintiff. All other Counts were decided in favor of the Defendants. The Court decided all claims against the Insurers in their favor because Peabody lacked standing to pursue a claim against them. Judgment in the amount of $506,601.82 was entered in favor of Peabody and against Defendants RIS, Kole, and Davis.

Before the Court is Plaintiff's Motion for Specific Relief under Rule 59(e). For the reasons stated below, Peabody's motion is GRANTED in part and DENIED in part. To the extent that Peabody seeks to alter the Court's September 2, 2009 judgment with regard to Counts XXII, XXVI, and XXVII, his motion is denied. Insofar as Peabody seeks clarification of the relief awarded by the Court, his motion is granted.

## **DISCUSSION**

Plaintiff requests that the Court: (1) order the transfer of the Plan account assets of Davis and Kole to Peabody's Plan account; (2) direct that all amounts recovered in connection with Defendants' breach of fiduciary duty be paid to Peabody's Plan account; (3) grant Peabody's claim for distribution of his Plan account; (4) find the Plan's insurer liable to the Plan under the fidelity bonds; and (5) retain jurisdiction of the case until the Court's orders are implemented.

I.  **Transfer of Plan Assets (Requests #1 and #2)**

ERISA generally prohibits the re-assignment or alienation of benefits provided under covered pension plans. 29 U.S.C. § 1056(d)(1). However, ERISA's anti-assignment and anti-

alienation provisions "shall not apply to any offset of a participant's benefits provided under an employee pension benefit plan against an amount that the participant is ordered or required to pay to the plan if . . . the order or requirement to pay arises . . . under a civil judgment . . . entered by a court in an action brought in connection with a violation . . . of part 4 of this subtitle[.]" 29 U.S.C. § 1056(d)(4)(A). Such a judgment or order must "expressly provide[ ] for the offset of all or part of the amount ordered or required to be paid to the plan against the participant's benefits provided under the plan . . . ." 29 U.S.C. § 1056(d)(4)(B).

Davis and Kole breached fiduciary obligations defined in § 409(a) of ERISA, 29 U.S.C. § 1104(a). Those breaches had an adverse impact on the value of Plan assets in Peabody's individual account. Section 502(a)(2) of ERISA authorizes plan participants or beneficiaries like Peabody to bring actions on behalf of a plan to recover for violations of the obligations defined in § 409(a). 29 U.S.C. § 1132(a)(2). This is so even if, as in the instant case, the fiduciary breaches at issue impair the value of plan assets in a single participant's account only. *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 256 (2008).

Because Davis and Kole's benefits may only offset judgments favoring the Plan, Defendants seek to characterize the damages awarded by the Court as recovery for Peabody's individual injuries, as opposed to injuries to the Plan's assets. Davis and Kole argue that "the Court did not grant relief in favor of the Plan and Peabody has not shown any basis for modifying or reconsidering the decision in that respect." (Def. Resp. at 2.)

Defendants misapprehend the nature of Peabody's claim. Section 502(a)(2) authorized Peabody to bring the instant action only on behalf of the Plan, to recover damages caused to the Plan by Defendants' fiduciary breach of duties. As such, the damages awarded by the Court go

to the Plan account that incurred losses as a result of their breach of fiduciary duties, namely, Peabody's. *See* 29 U.S.C. § 1009 (*"*Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties. . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach."); *Peabody v. Davis*, No. 08-CV-593, Mem. Op. and Order, at *33 (Sept. 2, 2009) ("[U]nder 29 U.S.C. § 1109, [Davis, Kole, and RIS] are found personally liable to restore the damages award to Plaintiff's Plan account.").[1]

As such, under 29 U.S.C. § 1056(d)(4), the Court may offset Davis and Kole's pension benefits against the damages awarded against them. In accordance with its September 2, 2009 Memorandum Opinion and Order, the Court orders that the Plan assets held in the accounts of Davis and Kole be transferred to Peabody's Plan account as an offset against the Court's award of $506,601.82.

## II. Peabody's Benefit Claim (Request #3)

The Court awarded Peabody $506,601.82, or the 2001 fair market value of 835 shares of RIC stock, plus prejudgment interest. After calculating the award, the Court determined that all other claims related to damages were moot. *Peabody*, Mem. Op. and Order, at *32-33. Among the mooted claims was Count XXII, Peabody's benefit claim, in which he demanded immediate payment of his benefits under the Plan, plus appreciation, interest, dividends, and other applicable growth, in the sum of $311,721.30. The Court considered the claim moot because, for all intents and purposes, its request for distribution of benefits was contemplated by the Court's more generous

---

[1] In Request #2, Peabody asks that all damages be paid into his Plan account. As shown here, the Court has already

award. Under the Court's judgment, Peabody essentially recovers the Plan benefits due to him in the form of damages, which go further in making him whole in light of the misconduct of his fiduciaries.

Peabody requests that the Court rule explicitly on his benefit claim to ensure that all damages are transferred to him as distributable benefits in his Plan account, as soon as practicable. Peabody seeks to preserve rollover eligibility for the funds, with the attendant tax benefits. In its original judgment, the Court ordered Davis and Kole to restore the damages amount to Plaintiff's account under 29 U.S.C. § 1109. An alteration of the Court's decision to moot Count XXII is unnecessary to accomplish the ends sought by Peabody. His motion for an express ruling on Count XXII is therefore denied.

If, as it appears, Peabody is primarily concerned that Davis and Kole will prevent him from timely accessing his Plan assets, the Court simply needs to clarify that upon prompt payment into Peabody's Plan account, the damages shall be made available for immediate distribution, through whatever avenues Plan policy permits.

Davis and Kole note that the only benefits held in Peabody's account to date is the unlawful loan obligation owed by RIC and $10,000 in money market funds. The money market funds were not subsumed by the Court's final award. When calculating damages, the Court only considered the harm arising from Davis and Kole's failure to diversify Peabody's stocks, all of which were purchased with the loan to RIC. Davis and Kole do not object to paying out the $10,000 in money market funds held by the Plan. These funds should thus be distributed as provided by Plan policy.

---

provided for this in its original order.

### III. Claims against the Insurers (Request #4)

In Request #4, Peabody encourages the Court to reconsider the arguments he presented in his pleadings and post-trial memoranda regarding his standing to sue the Insurers and the applicability of the adverse domination doctrine. He also cites two cases decided since the submission of the parties' briefs as intervening developments of law. *See LaRue*, 552 U.S. 248; *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007). Neither of these cases confer standing on plan participants or beneficiaries pursuing claims under ERISA against third parties who exercise no control over plan assets or administration. The Court carefully considered all the arguments presented by Peabody in his post-trial memoranda and found them unavailing. Reassertion of these points does not alter the Court's opinion. The Court denies Peabody's motion to reconsider Counts XXVI and XXVII against the Insurers.

### IV. Jurisdiction (Request #5)

Peabody's request that the Court retain jurisdiction of this case until the implementation of all the Court's orders must be denied. As stated in open court, the Court must relinquish jurisdiction over this case while it remains on appeal before the Seventh Circuit.

## **CONCLUSION**

For the foregoing reasons, Peabody's motion is GRANTED in part and DENIED in part. Peabody's motion to alter the Court's judgment on Counts XXII, XXVI, and XXVII is denied. Peabody's motion to offset Davis and Kole's plan assets against the Court's damages award is granted.

Enter:

/s/ David H. Coar
United States District Judge

Dated: **April 5, 2010**